William L. Anderson, Attorney Department of Health and Environment Landon State Office Building, Suite 904 Topeka, Kansas 66612-1597
Dear Mr. Harder:
You have requested our opinion regarding the validity of a parent corporation's agreement to act as guarantor for all unpaid claims against its subsidiary corporation for hazardous waste liability.
Pursuant to 40 C.F.R. secs. 264.147 and 265.147 an owner or operator of a hazardous waste facility must have sufficient "financial responsibility" to cover any "bodily injury or property damage to third parties caused by sudden accidental occurrences arising from operation of the facility . . ." Id. This "financial responsibility" may be demonstrated by obtaining a "guarantee" from a guarantor. Id. at sec. (g). The guarantor must be a parent corporation or a firm which possessa "substantial business relationship" to the owner or operator of thefacility. Id. The terms of the guarantee must be identical to that specified in 40 C.F.R. § 264.151 (h)(2). 40 C.F.R. § 264.147 (g). The purpose of this provision is to require assurances that funds are available if the facility is required to close and the owner or operator of the facility cannot fulfill the financial obligations. U.S. v.Production Plated Plastics, Inc., 762 F. Supp. 722, 732 (W.D.Mich. 1991).
Your question is whether or not Kansas law will recognize such parent-subsidiary guarantees. Kansas law empowers domestic corporations to "make contracts, including contracts of guaranty and suretyship, incurliabilities, . . . and make contracts of guaranty and suretyship whichare necessary or convenient to the conduct, promotion or attainment ofthe business . . ." if the guarantor and the corporation contracted with are related in one of the following manners:
(1) the guarantor owns all the stock of the corporation.
(2) the guarantor is wholly owned by the corporation, or
 (3) the guarantor owns all the stock of a corporation which owns all the stock of the corporation. However, this is only allowed if it is "necessary or convenient to the conduct, promotion or attainment of business from the corporation." K.S.A. 17-6102 (13). (Emphasis added).
The statute is clear and unambiguous. A corporation may act as a guarantor for another corporation in the aforementioned situations. The next issue that must be addressed is whether or not a guaranty as defined under Kansas law will cover a "guarantee" as it is used under40 C.F.R. secs. 264.147 and 265.147.
In this case, a parent corporation would be undertaking a duty to answer to "third parties who have sustained or may sustain bodily injury or property damage caused by [sudden and/or nonsudden] accidental occurrences arising from operation of the facility(ies) . . ." of the subsidiary corporation. 40 C.F.R. § 264.151(h)(2). In Kansas, a guaranty is defined as "a collateral undertaking by one person to answer for the debt or the performance of some contract or duty in case of default of another who is liable for such payment or performance in the first instance." Walton v. Piqua State Bank, 204 Kan. 741, 750,466 P.2d 316 (1970). Therefore, the guarantee contemplated by40 C.F.R. secs. 264.147 and 265.147 would be authorized. However, it should be noted that the parent corporation will only be liable if the subsidiary corporation, the principle, defaults. Kee v. Lofton,12 Kan. App. 2d 155, 737 P.2d 55 (1987).
Based upon the aforementioned statutes and case law, we opine that the state of Kansas will recognize contractual guarantees between corporations for the purpose of meeting the financial requirements of40 C.F.R. secs. 264.147 and 165.147. However, the terms of the guarantee must be identical to the terms of 40 C.F.R. § 264.151(h)(2) and the corporations must be related in one of the manners outlined in K.S.A. 17-6102.
Very truly yours,
 ROBERT T. STEPHAN Attorney General of Kansas
 Lawrence J. Logback Assistant Attorney General
RTS:JLM:LJL:bas